Case 4:12-cv-00457-A   Document 8   Filed 09/26/12   Page 1 of 10   PageID 100

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 26 2012
CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SPRINGCREST PARTNERS, LLC D/B/A SPRINGCREST APARTMENTS, | § § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 4:12-CV-457-A |
| ADMIRAL INSURANCE COMPANY, ET AL., | § § § § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

The above-captioned action is before the court by notice of removal filed by defendant Engle Martin & Associates, Inc. ("Engle Martin"). Plaintiff, Springcrest Partners, LLC d/b/a Springcrest Apartments, initiated this action by the filing of its original petition in the District Court of Tarrant County, Texas, 153rd Judicial District. Admiral Insurance Company ("Admiral") was named as a defendant in the state court suit; as of the date of removal Admiral had not yet been served with process. In the notice of removal Engle Martin contends that a third defendant, Nicholas J. Cimino ("Cimino"), a citizen of Texas, was improperly joined solely in an attempt to defeat diversity jurisdiction.

Engle Martin and Cimino filed a motion to dismiss pursuant to Rule 8, Rule 9(b), and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff subsequently filed a motion to remand, disputing Engle Martin's contentions in the notice of removal that Cimino was improperly joined. Plaintiff also filed a response to the motion to dismiss. Engle Martin and Cimino filed a response in opposition to the motion to remand combined with a reply to plaintiff's response to the motion to dismiss.

Having now considered all of the parties' filings, as well as the record of this case, the court concludes that Cimino was improperly joined and should be dismissed; the motion to remand should be denied; and the motion to dismiss should be denied and plaintiff afforded an opportunity to file an amended complaint.

I.

## Background

In the state court petition by which it initiated this action plaintiff alleged that its property sustained "catastrophic damage" in a snowstorm on February 12, 2010. Pl.'s Original Pet. at 3, attached to Notice of Removal. Although plaintiff filed a claim under the relevant insurance policy, the claim was not properly evaluated and plaintiff has not been compensated to the extent it believes it is entitled under the policy. Plaintiff asserted claims and causes of action against

2

Admiral for breach of contract, violations of certain sections of the Texas Insurance Code, which plaintiff called the "Texas Unfair Compensation and Unfair Practice Act," id. at 9, non-compliance with chapter 542 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, breach of the duty of good faith and fair dealing, fraud, and conspiracy to commit fraud. Plaintiff also asserted claims against Engle Martin and Cimino for unfair settlement practices, fraud, and conspiracy to commit fraud.

II.

Analysis

A. Law of Removal and Improper Joinder

The burden of establishing federal jurisdiction is on the party seeking removal. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must be strictly construed in favor of remand. Id. When, as here, federal jurisdiction is based on diversity of citizenship, an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). When removal is premised on the alleged improper joinder of an in-state defendant, "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was

improper." Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004). "To determine whether jurisdiction is present for removal, [the court must] consider the claims in the state court petition as they existed at the time of removal." Manguno, 276 F.3d at 723.

There are two ways a defendant may establish improper joinder, the one pertinent here being the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood, 385 F.3d at 573 (internal citation omitted). A resolution of Engle Martin's claim of improper joinder in its favor would require a conclusion that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. One way that the court can resolve the question of improper joinder is to "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Id.

B.  Application of Law to Plaintiff's Claims Against Cimino

Plaintiff's state court petition is basically a suit against Admiral claiming that Admiral owes plaintiff insurance benefits under a contract of insurance between plaintiff and Admiral that provided coverage for damage to plaintiff's property. The

4

petition alleges that after plaintiff made a claim under its insurance policy, Admiral assigned Engle Martin "to properly investigate and evaluate the claim." Pl.'s Original Pet. at 4, attached to Notice of Removal. Cimino was then assigned "to properly supervise, investigate, and evaluate the claim." Id. The remainder of the petition makes broad, conclusory allegations that often fail to distinguish between the actions of Admiral, Engle Martin, and Cimino. Where the allegations make such a distinction, they allege specific acts only on the part of Admiral. Following is a representative sample of the allegations in the petition:

> 22. **ADMIRAL, ENGLE MARTIN, and CIMINO**, acting through its agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff. **ADMIRAL** has failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.
>
> 23. **ADMIRAL, ENGLE MARTIN, and CIMINO**, failed or refused and continues to fail or refuse to pay covered claims on a timely basis as required by the insurance contract and as required by the Texas Insurance Code. Instead, **ADMIRAL** has wrongfully delayed or denied claims when liability for coverage under **ADMIRAL'S** policy was reasonably clear.
>
> 24. In contrast, Plaintiff has cooperated with every request made by **ADMIRAL, ENGLE MARTIN, and CIMINO** and has displayed, at reasonable times, all of its relevant

>   records, documents, buildings and contents that are
>   subject of this catastrophic loss.

Id. at 4-5 (errors and emphasis in original). The overall nature of the allegations make clear that plaintiff obtained the insurance policy from Admiral, that Cimino was hired or appointed by Admiral through Engle Martin to adjust the claim, but that Cimino was not a party to the insurance contract and had no payment obligation personally to the plaintiff.

In the section of the petition where plaintiff sets forth its claims and causes of action against Cimino, plaintiff tracked the statutory language of sections 541.051, 541.061, and 541.151 of the Texas Insurance Code, but failed to identify any facts supporting such claims. By way of example, the petition alleged:

>   95. Defendant misrepresented the insurance policy to
>   the Plaintiff and is in violation of Tex. Ins. Code
>   Sec. 541.061 et seq.
>
>   >   (1) making an untrue statement of material fact;
>   >   (2) failing to state a material fact necessary to
>   make other statements made not misleading, considering
>   the circumstances under which the statements were made;
>   >   (3) making a statement in a manner that would
>   mislead a reasonably prudent person to a false
>   conclusion of a material fact;
>   >   (4) making a material misstatement of law; or
>   >   (5) failing to disclose a matter required by law
>   to be disclosed, including failing to make a disclosure
>   in accordance with another provision of this code.

6

Id. at 22-23. These allegations are really legal conclusions masquerading as factual allegations, and they lack factual support in the petition.

The petition makes similarly conclusory allegations as to the remainder of plaintiff's claims against Cimino for violations of the Texas Insurance Code and for its claims for fraud and conspiracy to commit fraud. Plaintiff has alleged no facts, as opposed to legal conclusions, to provide any reasonable basis for predicting that plaintiff might be able to recover against Cimino.

Even giving plaintiff's pleadings a liberal construction, the court finds that as to Cimino, "[n]o facts warranting liability exist here." Griggs v. State Farm Lloyd's, 181 F.3d 694, 701 (5th Cir. 1999). The court is dismissing Cimino from the action, and plaintiff's motion to remand is denied.

C. Motion to Dismiss

The basis of the motion to dismiss is that plaintiff in the state court petition failed to state a claim upon which relief may be granted, failed to plead fraud with particularity as required by Rule 9 of the Federal Rules of Civil Procedure, and otherwise failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The court recognizes, however, that the rules of pleading differ from Texas state court

to federal court. While Texas "follows a 'fair notice' standard for pleading," Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 896 (Tex. 2000), a complaint in federal court must plead facts that show the plaintiff's right to relief is plausible. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The court does not accept conclusory allegations or unwarranted deductions of fact in a federal court complaint as true, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Rule 9 of the Federal Rules of Civil Procedure also imposes additional pleading requirements on a party alleging fraud or mistake.

Thus, the court is denying the motion to dismiss based on plaintiff's state court pleadings and is requiring plaintiff to file an amended complaint that omits Cimino as a defendant and complies with the requirements of Rule 8(a), Rule 10, and, if applicable, Rule 9, of the Federal Rules of Civil Procedure, and with the Local Civil Rules of the United States District Court for the Northern District of Texas. Upon receipt of the amended complaint, Engle Martin must file its answer or other response to the amended complaint.

D.  Requirement for Local Counsel

The court also notes that counsel for both parties office in Houston, Texas. Rule LR 83.10 of the Local Civil Rules of the United States District Court for the Northern District of Texas

8

provides that local counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district. Local counsel means a member of the bar of this court who resides or maintains the attorney's principal office in this district and whose residence or principal office is located within fifty miles of the courthouse in the Fort Worth Division of the Northern District of Texas. See LR 83.10.

### III.

### Order

For all the reasons described above,

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied, and that all claims and causes of action asserted by plaintiff against Cimino be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

The court further ORDERS that the motion to dismiss filed by defendants Engle and Cimino be, and is hereby, denied.

The court further ORDERS that: (1) plaintiff by October 10, 2012, file an amended complaint that omits Cimino as a defendant and complies with the Federal Rules of Civil Procedure and the

Local Civil Rules of the United States District Court for the Northern District of Texas; and, (2) Engle Martin by October 24, 2012, file its answer or other response to the amended complaint.

The court further ORDERS that each party by October 10, 2012, file either a written designation of local counsel or a motion for leave to proceed without local counsel.[1]

The court further ORDERS that failure of any party to comply with this order may result in the imposition of sanctions, up to and including dismissal of plaintiff's claims, granting of a default judgment, or the striking of that party's attorney as counsel of record in this action, as appropriate.

SIGNED September 26, 2012.

/s/ John McBryde
JOHN McBRYDE
United States District Judge

---

[1] The court is rarely inclined to grant such a motion in the absence of exceptional circumstances.