IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SPRINGCREST PARTNERS, LLC D/B/A SPRINGCREST APARTMENTS, | § § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 4:12-CV-457-A |
| ADMIRAL INSURANCE COMPANY, ET AL., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion for partial dismissal of plaintiff's second amended complaint pursuant to Rule 8, Rule 9(b), and Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed in the above action by defendants, Admiral Insurance Company ("Admiral") and Engle Martin & Associates, Inc. ("Engle Martin"). Plaintiff, Springcrest Partners, LLC d/b/a Springcrest Apartments, filed a response. Having considered the parties' filings, plaintiff's second amended complaint, and the applicable legal authorities, the court concludes that the motion should be granted.

I.

Background

Plaintiff initiated this removed action by the filing of its initial complaint in the District Court of Tarrant County, Texas, 153rd Judicial District, naming as defendants Admiral, Engle Martin, and Nicholas Cimino ("Cimino"), a non-diverse defendant. Following removal to this court, Engle Martin and Cimino filed a motion to dismiss, while plaintiff filed a motion to remand. By order signed September 26, 2012, the court denied the motion to remand, denied the motion to dismiss as to Engle Martin, dismissed Cimino as a party, and ordered plaintiff to file an amended complaint.

Plaintiff filed the amended complaint on October 11, 2012, which Engle Martin followed with another motion to dismiss. Although finding that the "amended petition is thin on factual allegations," the court denied the motion to dismiss, affording plaintiff "one final opportunity to file an amended complaint, bearing in mind the standards required under the Supreme Court's interpretations of Rule 8(a)," discussed previously in the order. Dec. 21, 2012 Order at 3-4.

After a number of delays, plaintiff filed its second amended complaint, in response to which defendants filed the instant motion.

II.

## Plaintiff's Second Amended Complaint and the Motion to Dismiss

Plaintiff's second amended complaint alleges the following:

On or about February 12, 2010, plaintiff's property sustained damage to its main building and carports after snow and ice caused roofs at the property to collapse. At the time, plaintiff was the insured under Admiral's insurance policy number PR000007062-02 ("Policy"). The damages and loss to plaintiff's property were caused by a peril for which plaintiff was insured. Admiral sold the Policy insuring plaintiff's property in its "as-is" condition. Plaintiff suffered significant losses with respect to the property at issue.

Plaintiff submitted a claim to Admiral pursuant to the Policy. Admiral assigned a claim number and assigned Engle Martin to investigate and adjust the claim. On May 18, 2010, the city of Arlington, Texas, where the property is located, "declared that all of the carports were an 'attractive nuisance' in imminent danger of collapse and that the structures needed to be demolished. Rebuilding of the carports was required." Second Am. Compl. at 4.

On October 15, 2010, plaintiff submitted a letter to Admiral invoking the Policy's appraisal clause, with the intent to resolve "all of the pending insurance claims, property damage,

3

business interruption, ordinance and law in appraisal." Id. On October 15, 2010, Engle Martin, on behalf of Admiral, agreed to the appraisal.

On or about August 8, 2011, an Appraisal Award was entered, setting the amount of loss to the property. However, the appraisal panel "did not quantify the amount of the loss related to the city's code enforcement or the amount of Plaintiff's business income loss." Id. Admiral, through Engle Martin, agreed that business interruption was not appraised. Additionally, "[c]ode upgrade, increased costs of construction and business income loss [were] additional coverages that were in full force and effect," but were never appraised. Id. The appraisal panel exceeded the scope of its authority by determining that it had "identified no code upgrade requirements for the above stated work and no amounts are included for code work." Id. at 5. The appraisal panel failed to address increased construction costs related to the carports, although such cost increase was covered under the Policy.

The appraisal panel also made a determination as to causation that was unclear, failed to identify the storm events that it claimed caused the damage and the period of loss, and "made a finding of causation as to the cause of loss to the damaged carports by determining which carports were damaged by a

4

covered event and which carports were not damaged by a covered event." Id. In plaintiff's view, the appraisal award was inconsistent, ambiguous as to the value of all damages, and the panel exceeded the scope of its authority by making decisions as to causation and coverage.

Admiral, by and through Engle Martin, acknowledged that all damages were not appraised by the appraisal panel and offered to settle the outstanding claims it believed still existed in exchange for a policyholder's release. Specifically, in a letter dated August 12, 2011, Engle Martin informed plaintiff that it had overpaid the claim's Actual Cash Value by $29,834.85. Engle Martin demanded reimbursement for the $29,834.85 overpayment, but indicated that Admiral would be willing to forego its demand for reimbursement if plaintiff signed a release of "all claims," including the code upgrade and business loss amounts which had not been adjusted or appraised. Id. at 6. In a letter dated October 18, 2011, Engle Martin restated the foregoing offer.

Only some of plaintiff's damages were resolved in appraisal; however, some damages have not been resolved. Plaintiff has brought these issues to defendants' attention, to no avail. On two separate occasions after the appraisal was complete, Engle Martin, through the letters dated August 12, 2011, and October

18, 2011, discussed above, attempted to coerce plaintiff into signing a release instead of resolving the remaining issues. Through the letters, Engle Martin "was attempting to coerce Plaintiff into signing an agreement releasing itself and Defendant Admiral of all claims related to Plaintiff's insurance claim." Id. at 10.

Counts I through IV of the second amended complaint alleged claims against Admiral. Count I is for breach of contract. Count II alleges violations of the "Texas Unfair Compensation and Unfair Practices Act," id. at 14, including section 541.051 of the Texas Insurance Code, unfair settlement practices in violation of section 541.060 et seq. of the Texas Insurance Code, and misrepresenting the insurance policy in violation of section 541.061 of the Texas Insurance Code. Count III is a claim of non-compliance with Chapter 542 of the Texas Insurance Code, the "Prompt Payment of Claims Act." Id. at 17. Count IV alleges a breach of the common law duty of good faith and fair dealing. Against Engle Martin, plaintiff alleged a claim for unfair settlement practices in violation of sections 541.051, 541.060, and 541.061 of the Texas Insurance Code.

In the motion to dismiss, defendants seek dismissal of plaintiff's claims against Engle Martin, and its claims against

Admiral under the Texas Insurance Code. Defendants do not seek to dismiss plaintiff's breach of contract claim against Admiral.

### III.

### Legal Standards Applicable to a Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow

the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

IV.

Application of Law to the Facts

The court finds that the second amended complaint fails to give defendants fair notice of plaintiff's claims and the grounds upon which they rest. The complaint recites lengthy portions of the Texas Insurance Code defendants are purported to have violated. However, missing from the complaint are factual allegations, as opposed to conclusions, supporting the purported Insurance Code violations. Although plaintiff added additional factual allegations not found in the original and first amended complaints, the majority of those allegations pertain to actions or errors by the appraisal board--an entity not a party to this action.

The most that can be gleaned from the factual allegations is that plaintiff submitted a claim, Admiral assigned the claim to

Engle Martin, and Engle Martin, at plaintiff's request, submitted the claim to an appraisal panel. Plaintiff disagreed with the appraisal's conclusions. Admiral, through Engle Martin, later informed plaintiff that it had overpaid plaintiff's claim by a certain sum and demanded reimbursement for that sum, but agreed to forego its demand if plaintiff signed a release of claims. The remainder of the complaint is comprised of lengthy recitations of various provisions of the Texas Insurance Code and conclusory statements that defendants acted unlawfully in violation of the Texas Insurance Code.

Even where the complaint purports to specify the factual allegations in support of the various causes of action, those attempts fail. For example, under the heading "Count II-- Violations of the Texas Unfair Compensation and Unfair Practices Act," the complaint states:

> 76. Defendant Admiral's conduct, as described in paragraphs 56, 57 and 58, constitutes multiple violations of the <u>Texas Unfair Compensation and Unfair Practices Act</u>. Tex. Ins. Code Chapter 541.

Second Am. Compl. at 14. Paragraphs 77 and 81 through 84 under count II similarly refer to paragraphs 56, 57, and 58[1] to support plaintiff's claims under that count. However, paragraphs 56, 57,

---

[1] Paragraphs 82, 83, and 84 actually refer to "paragraphs 56, 27 and 58." The court thinks it likely that 27 is a typographical error, as paragraph 27 in the second amended complaint refers to the appraisal panel.

and 58 allege that: as a result of defendants' acts and omissions, plaintiff was forced to retain an attorney; the acts and omissions alleged occur with such frequency as to constitute a general business practice of the defendants; and, paragraph 58, which forms the first paragraph under count I, states that on or about February 12, 2010, plaintiff's property sustained damage due to snow and ice. Nothing in paragraphs 56, 57, or 58 could be considered factual allegations that support count II or any of plaintiff's claims or causes of action.

The remaining causes of action similarly refer to other paragraphs within the second amended complaint that purportedly describe specific conduct of each defendant that supports each cause of action. In each instance, however, the referenced paragraphs primarily contain recitations of various provisions of the Texas Insurance Code, rather than factual allegations.[2]

The court recognizes that a complaint is not required to contain detailed factual allegations. However, the court reminds plaintiff that "the 'showing' contemplated by Rule 8 requires the

---

[2]Plaintiff repeatedly refers to defendants' offer to forego the $29,834.85 overpayment in exchange for a full release as a fact supporting its claim for "boycott, coercion, and intimidation in the business of insurance" because defendants were "intimidating the insured into withdrawing its claims in exchange for a policy holder's release." Second Am. Compl. at 14, 17, 20. The purpose of section 541.054 of the Texas Insurance Code, pertaining to "boycott, coercion and intimidation in the business of insurance," is "to prevent monopoly or unreasonable restraint in the business of supplying insurance. It is not a basis for a suit by a claimant upset by the handling of his claim" by the insurance company or adjuster. Russell v. Hartford Cas. Ins. Co., 548 S.W.2d 737, 742 (Tex. Civ. App.--Austin 1977, writ refused n.r.e.) (considering former Texas Ins. Code art. 21.21 §4 (4)).

plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action." Twombly, 550 U.S. at 555 & n.3. Yet that is what comprises the majority of the second amended complaint: legal conclusions and recitations of the elements of plaintiff's causes of action.

In the response plaintiff asks that, if the court finds the second amended complaint deficient, it be afforded an opportunity to amend.[3] The court notes that the second amended complaint represents plaintiff's third attempt to state its case against defendants. Whatever facts plaintiff believes it has to support its claims against defendants, it has had ample opportunity to plead them, and has been placed on notice of the deficiencies in its pleadings by defendants' previous motions to dismiss. The court can see nothing to be gained by giving plaintiff another opportunity to amend its complaint. At some point, the court "must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss" the complaint.

---

[3] The request to amend appears to have been added at the end of the response as an afterthought. While the local rules of this court authorize a document to contain more than one motion, "[a]ny such document must clearly identify each included ... motion ... in its title." Rule LR 5.1(c) of the Local Civil Rules of the United States Dist. Ct. for the N.D. of Tex. Therefore, the informal request cannot be treated as a motion. Moreover, even if the court were to treat the request as a motion for leave to amend, it nevertheless would be ineffective because of noncompliance with Rule LR 15.1(a) of the Local Civil Rules, which requires any motion for leave to amend to be accompanied by the proposed amended complaint.

Lozano v. Ocwen Federal Bank, FSB, 489 F.3d 636, 643 (5th Cir. 2007) (citation omitted). Because plaintiff has had "fair opportunity" to plead its case, the court is denying its request to again amend the complaint.

V.

Order

Therefore,

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted.

The court further ORDERS that all claims and causes of action asserted by plaintiff, Springcrest Partners, LLC d/b/a Springcrest Apartments, against defendant Engle Martin be, and are hereby, dismissed with prejudice, and that all claims asserted by plaintiff against Admiral, except for the breach of contract claim, be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissals.

The court further ORDERS that the caption of this action be changed by the removal of "Engle Martin & Associates, Inc." from the title, so that from this point forward, the title shall read, "Springcrest Partners, LLC d/b/a Springcrest Apartments,

12

Plaintiff, v. Admiral Insurance Company, Defendant."

SIGNED March 25, 2013.

_____
JOHN McBRYDE
United States District Judge